IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GABRIEL PITTMAN,** | : | CIVIL ACTION NO. 1:22-CV-1589 |
| **Petitioner** | : | (Judge Conner) |
| v. | : | |
| **SUPERINTENDENT RIVELLO**, *et al.*, | : | |
| **Respondents** | : | |

**MEMORANDUM**

This is a habeas corpus case brought pursuant to 28 U.S.C. § 2254. Petitioner, Gabriel Pittman, who is incarcerated in the State Correctional Institution-Huntingdon ("SCI-Huntingdon"), seeks habeas corpus relief based on the risks posed by the COVID-19 pandemic. We will dismiss the petition without prejudice for failure to exhaust state court remedies.

**I.      Factual Background & Procedural History**

Pittman is incarcerated in SCI-Huntingdon pursuant to a 1998 conviction and sentence in the Lehigh County Court of Common Pleas for third-degree murder, recklessly endangering another person, carrying a firearm without a license, and aggravated assault. See Commonwealth v. Pittman, 737 A.2d 272, 273 (Pa. Super. Ct. 1999). Pittman filed the instant petition on September 18, 2022, and the court received and docketed the petition on October 12, 2022. (Doc. 1). Pittman asserts that he is entitled to habeas corpus relief because the conditions of his confinement in SCI-Huntingdon increase the risk that he will be infected with COVID-19 and increase the risk that he will become severely ill from the virus. (Id.) He

acknowledges that he has not exhausted state court remedies with respect to the claim, but asserts that "no adequate, effective, or operative remedies exist" in Pennsylvania state court. (Id. at 18). He asserts that state habeas corpus proceedings are "preempted" by the federal Anti-Terrorism and Effective Death Penalty Act of 1996. (Id.)

**II.   Legal Standard**

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4.

**III.   Discussion**

Before seeking habeas corpus relief in federal court, a state prisoner must exhaust his remedies in state court. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To do so, the petitioner must "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan, 526 U.S. at 842. The petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. Petitioners seeking habeas corpus relief in federal court have the burden to establish exhaustion of state court remedies. DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005).

Pittman has failed to exhaust his state court remedies because he has not brought his claim through a petition for state habeas corpus relief under 42 Pa.C.S.

§ 6502. There is no merit to Pittman's contention that state habeas corpus proceedings are preempted by AEDPA. As numerous courts in this district have recognized, "petitioners must exhaust state court remedies under Section 6502 prior to seeking habeas corpus relief based on the risks posed by COVID-19." See Vincent v. Kauffman, No. 1:21-CV-305, 2022 WL 5238120, at *1 (M.D. Pa. Sept. 27, 2022) (collecting cases); see also Ralph v. Kauffman, No. 1:21-CV-515, 2021 WL 4989886, at *1 (M.D. Pa. Oct. 27, 2021) (Conner, J.).

## IV. Conclusion

We will dismiss the petition (Doc. 1) for writ of habeas corpus without prejudice for failure to exhaust state court remedies. A certificate of appealability will not issue because no reasonable jurist would disagree with this procedural ruling. Buck v. Davis, 580 U.S. __, 137 S. Ct. 759, 777 (2017). An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:   October 17, 2022

3